# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THEBRAIN TECHNOLOGIES LP, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) Case No. 17-cv-6574 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| ANYLOGIC NORTH AMERICA, LLC, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff/Counterclaim Defendant, TheBrain Technologies LP ("TheBrain LP") brings this action against AnyLogic North America, LLC ("AnyLogic") alleging patent infringement under 35 U.S.C. § 271(a)-(c)(f). Currently before the Court is AnyLogic's motion to dismiss TheBrain LP's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons explained below, the motion to dismiss is granted.

**Background**

The following facts are undisputed unless otherwise noted. TheBrain LP provides software solutions that allow users to use graphical diagrams to organize information. TheBrain LP's CEO, Harlan Hugh, invented and registered a patent for technology that solved problems relating to computer displays and graphical user interface systems. This patent, No. 6,166,736 ("the '736 Patent") was registered by the United States Patent and Trademark Office ("USPTO") on December 26, 2000. TheBrain LP has continuously "marked" the '736 Patent on its products and services that use the technology. AnyLogic is a company that sells various software applications. According to TheBrain LP, AnyLogic sells software applications that infringe on the '736 Patent.

1

Because AnyLogic challenges TheBrain LP's standing based on the '736 Patent's ownership, the Court presents the following timeline. On November 11, 1998, Harlan Hugh assigned the rights to the '736 Patent to Natrificial LLC. On June 15, 2000, Natrificial Acquisition LLC ("Natrificial Acquisition") merged with Natrificial LLC, leaving Natrificial LLC as the surviving entity. On the same date, Natrificial LLC became the wholly owned subsidiary of the TheBrain Technologies Corporation ("TheBrain Corp."). According to TheBrain LP, Natrificial LLC transferred ownership of the '736 Patent to the TheBrain Corp. as part of an asset purchase agreement on June 15, 2000. However, TheBrain LP does not possess the 2000 asset purchase agreement. Natrificial LLC named TheBrain Corp. as the sole member of Natrificial LLC on August 28, 2000.

TheBrain LP was formed as a California limited partnership on January 6, 2006. TheBrain LP acquired all assets of the TheBrain Corp, including Natrificial LLC, on January 16, 2006. TheBrain Corp. was dissolved on April 26, 2006. On August 14, 2007, Natrificial LLC was dissolved listing TheBrain LP as the surviving member.

The original inventor, Harlan Hugh, executed a Confirmation of Assignment pertaining to the June 15, 2000 assignment of the '736 Patent to TheBrain Corp. on September 17, 2015. The current lawsuit was filed on May 15, 2017.

**Legal Standard**

A rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject-matter jurisdiction.

> While it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution, we accept as true all of the allegations contained in a complaint. . . . Likewise, subject-matter jurisdiction must be secure at all times, regardless of whether the parties raise the issue, and no matter how much has been invested in a case.

*Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 853 (7th Cir. 2012) (internal citations omitted). In order to determine whether subject matter jurisdiction in fact exists, this Court may properly look beyond the allegations in the complaint and consider whatever evidence has been submitted on the issue. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

**Discussion**

Standing is a threshold requirement in every federal claim and must be present at the time the lawsuit is filed. *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) (internal citation omitted). The party who brings the action bears the burden of demonstrating that it has standing. *Id.* at 976. A "patentee" is allowed to sue for civil damages for patent infringement. *Id.* "The term 'patentee' comprises 'not only the patentee to whom the patent was issued but also the successors in title to the patentee.'" *Id.* (citing 35 U.S.C. § 100(d) (2000)). If a patentee assigns all the rights under a patent, the assignee is deemed the effective patentee for standing to sue for patent infringement "in its own name." *Id.* (collecting cases). At times, a court must "trace the chain of title" connecting the inventors to the plaintiff. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998). It is firmly established that patent assignments must be in writing. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010).

In this case, TheBrain LP asserts that it owns the '736 Patent by assignment. Alternatively, TheBrain LP states that it owns the '736 Patent by operation of law. AnyLogic argues that TheBrain LP does not have standing to bring the current patent infringement suit. Specifically, AnyLogic contends that TheBrain LP does not have standing because there is no written evidence showing the patent was transferred by assignment or operation of law.

*1. Patent Ownership By Assignment*

TheBrain LP asserts that in 2000, Natrificial LLC transferred the rights to the '736 Patent to TheBrain Corp. as part of an asset purchase agreement. TheBrain LP concedes that it does not currently possess the asset purchase agreement. Instead, TheBrain LP attaches a declaration from Harlan Hugh testifying that the agreement exists. TheBrain LP also attaches the 2015 Confirmatory Assignment in support of the assertion that Natrificial LLC transferred the rights to TheBrain Corp. in 2000.

AnyLogic contends that TheBrain LP has not met its burden of establishing that it has standing to bring the current lawsuit. The Court initially considers the 2015 Confirmatory Assignment, which states that Natrificial LLC relinquished the rights to the '736 Patent to TheBrain Corp. back in 2000. Even if accepted as true, this document does not confer ownership to TheBrain LP, which is the plaintiff in this case. As mentioned previously, a patent assignment must be in writing. *See Abraxis Bioscience*, 625 F.3d at 1366. It appears that TheBrain LP is asking the Court to use the Confirmatory Assignment, executed in 2015, along with the declaration of Harlan Hugh, executed in 2017, to establish that TheBrain Corp. owned the '736 Patent before it was acquired by TheBrain LP in 2006. The Federal Circuit, however, has declined to give documents such retroactive effect. *See id.* at 1365 (holding that a post-hoc agreement could not be given retroactive effect in order to cure standing); *see also Walter Kidde Portable Equipment, Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 n.6 (Fed. Cir. 2007) ("[I]t is highly doubtful that the 'confirmatory assignment' could have cured that jurisdictional defect. . . .").

TheBrain LP argues that the Confirmatory Assignment "merely serves to confirm what already occurred." Dkt.71 at 7. However, TheBrain LP has not provided, and the Court has not found, any Federal Circuit support for the argument that a *post-hoc* Confirmatory Assignment could establish patent ownership by assignment. Further, as AnyLogic points out, an assumption that

4

Natrificial LLC assigned the '736 Patent to TheBrain Corp. in June 2000 contradicts public documents that listed Natrifical LLC as the owner of the '736 Patent in October 2000. *See.* Dkt. 73-1. In light of this conflicting document and the failure to provide sufficient evidence, TheBrain LP has not established the existence of a 2000 asset purchase agreement. The Court, therefore, finds that TheBrain LP has not demonstrated that it owns the '736 Patent by assignment.

*2. Patent Ownership By Operation of Law*

Alternatively, TheBrain LP alleges that it owns the '736 Patent by operation of law. The Federal Circuit has established that "transfer of patent ownership by operation of law is permissible [even] without a writing." *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1380 (Fed. Cir. 2009). Courts look to state law when considering patent ownership transfers by operation of law. *Akazawa v. Link New Technology Intern., Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008).

In support of its operation of law argument, TheBrain LP cites California Corporations Code section 17707.05. Section 17707.05 states that when a corporation becomes dissolved, any assets that remain after creditors have been paid "shall be distributed among the members according to their respective rights." *See* Cal. Corp. Code, § 17707.05. Thus, TheBrain LP argues, if the Confirmatory Assignment does not establish that Natrificial LLC assigned the '736 Patent in 2000, then ownership was established when TheBrain LP became the sole member of the dissolved Natrificial LLC on August 14, 2007.

First, TheBrain LP does not cite a single California case that references a patent's ownership being transferred by section 17707.05 or any other statute. As a seeming matter of first impression, TheBrain LP must do more to explain the process of the '736 Patent's transfer by operation of law. TheBrain LP provides no evidence that the '736 Patent was distributed as part of a corporation's "wind up" process. Indeed, the Court does not agree that the application of section 17707.05, alone, establishes that the '736 Patent was actually transferred. *See Akazawa v. Link New Technology Intern.,*

5

*Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008) (upholding the transfer of a patent's ownership based on a Japanese law that provided for immediate transfer of all property to heirs upon the owner's death). Unlike the plaintiff in *Akazawa*, TheBrain LP does not reference a legal mechanism that provides for immediate transfer, but rather, as AnyLogic argues, cites a statute that "contemplates affirmative steps by managers, members, or other persons involved to do the shifting [of assets after dissolution]." Dkt. 73 at 14. Accordingly, the Court finds that TheBrain LP has not established ownership of the '736 Patent by operation of law.

**Conclusion**

Without establishing ownership of the '736 Patent, TheBrain LP has not demonstrated that it has standing to bring this claim. *See Sky Techs. LLC*, 576 F.3d at 1379. Accordingly, the Court grants AnyLogic's motion to dismiss for lack of standing. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 3/4/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge